F. E. ZALESKY v. IOWA STATE INSURANCE COMPANY, Appellant.

**Insurance:** ELECTION TO REBUILD: *Jury question.* It is error to submit to the jury the question whether an insurance company can rebuild and replace the destroyed building for the amount of the insurance thereon, after deducting the difference in value between the new building and the old, where it appears by the uncontradicted evidence that the company had an offer from responsible contractors who were willing and able to give bonds for the faithful performance of their contracts, to erect the building for $400.00 less than the amount of insurance,

*Appeal from Benton District Court.*—HON. G. W. BUEN-
HAM, Judge.

TUESDAY, MAY 16, 1899.

ACTION at law upon a policy of fire insurance. Defend-
ant pleads that it elected to rebuild, pursuant to a clause in its
policy, and demanded of plaintiff plans and specifications,
which he failed and refused to furnish, but, on the contrary,
proceeded to erect the building himself, and that it is dis-
charged from all liability under its contract. Trial to a jury.
Verdict and judgment for plaintiff for the amount of the
policy, and defendant appeals.—*Reversed.*

*McVey & McVey* for appellant.

*W. C. Scrimegour* and *J. J. Mosnat* for appellee.

DEEMER, J.—This is the second time this case has been
before us. The opinion on the first appeal will be found in
102 Iowa, at page 512. On that appeal we held that the trial
court was in error in rejecting evidence offered by defendant
of its election to rebuild, and we also held that under the
terms of the policy the defendant had the right of election to
rebuild. After the case was remanded, plaintiff filed an
amendment to his reply, in which he pleaded, among other
things, that the defendant's agent and adjuster represented to
him that he would adjust the loss in a very few days, and
that the plaintiff might proceed to rebuild, and that, acting on
this statement, plaintiff did proceed to rebuild, and had the
structure nearly half completed at the time defendant made
its pretended election; that defendant stood by, and knew of
plaintiff's rebuilding, and made no objection thereto for more
than forty days; that defendant's election to rebuild was not in
good faith, but was made for the purpose of hindering and
annoying plaintiff in the collection of his claim. He further
pleaded that after the fire the defendant demanded that the

amount of the loss be submitted to referees, pursuant to a provision to that effect in the policy, and that the plaintiff was led to believe therefrom that nothing but the amount of the loss was in dispute, and, so believing, he proceeded to rebuild the property destroyed, and that the defendant was estopped from thereafter electing to rebuild. He also pleaded that by the terms of its articles of incorporation the defendant had no power to rebuild, for that the expense in so doing would amount to more than the sum of the insurance upon the building. He also pleaded that, after defendant gave notice of its election, it did nothing further; that it at no time asked of plaintiff permission to rebuild, nor did it object to plaintiff's rebuilding the property insured, and that it cannot be heard to say it elected to rebuild. The only question that the trial court submitted to the jury was whether or not the defendant could rebuild and replace the building for the amount of the insurance thereon after deducting the difference in value between the new building and the old. The defendant asked a peremptory instruction to the effect that, as the evidence showed the defendant could rebuild for the sum specified and authorized by its charter, and as plaintiff failed and refused to furnish plans and specifications for the purpose of enabling it to rebuild, and proceeded, notwithstanding defendant's election, to replace the building himself, he cannot recover. Instead of giving this instruction, the court left it to the jury to determine whether or not defendant could have rebuilt for the amount authorized by its articles of incorporation. The jury evidently found that it could not do so, for it returned a verdict for plaintiff. This appeal, then, presents the single question, was the court in error in submitting that proposition to the jury? The provisions of the articles of incorporation and by-laws of the defendant company authorizing it to rebuild are as follows: "The directors shall settle and pay all losses within three months after they shall have been notified, and have received proofs of loss according to the by-laws and

conditions of insurance, unless they shall judge it expedient within that time to rebuild the house or houses destroyed, or replace or restore the property, or repair the damage sustained, which they are empowered to do, in a convenient time; provided, they do not expend on such building or repairs more than the sum insured on the premises. But no allowance is to be made in estimating damages in any case for building, historical and landscape painting, stucco or carved work, nor are the same to be replaced if destroyed by fire, unless specifically insured. In case of any depreciation, the assured shall pay to the company the difference between the new and the old property; such difference to be determined as provided in section 14 hereof. And if there shall be any policies of other insurance companies thereon, and not contributing to such rebuilding, the assured shall pay to this company the amount thereof, which shall be expended in restoring or repairing the building, subject to the foregoing conditions." Section 14 is as follows: "The directors, upon view of the loss, or in such way as they may deem proper, shall ascertain and determine the amount of the loss or damage, and if the party suffering is not satisfied with the determination of the directors, the question as to the amount of any loss or damage, or the value of the property at the time of the loss, shall, upon demand of either party, be determined by competent referees." The amount of insurance on the building was three thousand dollars. Now, the evidence shows without dispute that defendant had an offer from responsible contractors, who were willing and able to give bonds for the faithful performance of their contracts, to rebuild the building for about the sum of two thousand six hundred dollars. Plaintiff's witnesses testified that it would cost from three thousand nine hundred dollars to four thousand one hundred dollars to reconstruct the building, but the evidence showed that as the building destroyed was sixteen years old, it was worth from twelve to thirty-three and one-third per cent, less

than a new building; so that, on their estimate, the building could be replaced for from three' thousand dollars to three thousand five hundred dollars. But the controlling question in the case is the amount it would have cost defendant, and on that issue there was no dispute. Defendant further contends that the question of right to rebuild is *res adjudicata,* it having been determined on the former appeal that it had that right. There is no merit in that contention. All that was determined on the former appeal was that defendant had the right of election to rebuild under the terms of its articles of incorporation and by-laws. There was no determination of the question presented on that appeal. That it had the abstract right to rebuild was determined. But whether or not it had that right, under the facts disclosed in the evidence, was not decided. Some other questions are argued by counsel, which we do not consider, for the reason that the record does not properly present them for solution. For the error in submitting a question about which there was no dispute, the judgment is REVERSED.